420 F.Supp. 568 (1976)
CONTINENTAL NATIONAL AMERICAN GROUP, a corporation, et al., Plaintiffs-Counter Defendants,
v.
The VALLEY LINE COMPANY, Defendant-Counter Plaintiff.
No. 74-442A(2).
United States District Court, E. D. Missouri, E. D.
July 21, 1976.
*569 Donald L. James, St. Louis, Mo., for plaintiffs.
Michael D. O'Keefe, St. Louis, Mo., for defendant.

MEMORANDUM
REGAN, District Judge.
In this case arising out of the buckling and sinking of a loaded barge, plaintiffs seek to recover for damage to the cargo and for salvage costs. Defendant has counter-claimed for damage to the barge. Plaintiffs are National Steel Corporation, its subsidiary Granite City Steel Company, and their insurers. Defendant is the owner of the barge.
On February 26, 1973, pursuant to a request of Granite City Steel that a barge be delivered to be loaded with steel coils, defendant delivered the barge to the steel company's loading facilities in the Chain of Rocks Canal. On the following morning the barge was visually inspected by the steel company's personnel at the loading dock, but nothing out of the ordinary was noted and loading commenced. For some time prior to that date, Granite City Steel had been furnished loading diagrams and proper procedures for loading barges. These procedures are the proper method for loading and unloading barges. The diagrams caution the shipper to avoid concentrating the load in the center of a barge.
On the morning of February 27, 1973, Granite City Steel commenced to load the barge, first splitting its cover, thereby exposing the center 80 feet of the 157 feet cargo compartment. 630 tons of coils were then loaded in this section. When loading operations for the day had been completed about 1:30 P.M., some 904 tons of steel coils were concentrated in the center 110 to 118 feet of the barge, with about 20 feet of open space in both the aft end and forward end being empty. Granite City Steel anticipated loading an additional 200 tons of steel coils in the open space. About 4 P.M. that afternoon, the barge buckled in the center and sank. So far as appears, there were no witnesses to the incident.
The barge in question had been under load without incident ten times in 1972, on each occasion the tonnage carried being in excess of the tonnage placed in it at the time of the sinking. And on January 28, 1973, the barge had been loaded with 128 coils of steel, weighing 1,007 tons, and that load was carried without difficulty until it was unloaded on February 23, 1973. There is evidence that the water in the Chain of Rocks Canal is normally calm, although towboats operating there cause a wake which shakes barges at the dock.
Plaintiffs argue that evidence the barge sank in fair weather and smooth water constitutes prima facie proof that the barge was unseaworthy, citing Hampton Roads Carriers, Inc. v. Allied Chemical Corp., 329 F.2d 387, 390 (4 Cir., 1964). That is, however, only the starting point. The issue here is not whether a prima facie case of unseaworthiness was made, but whether the evidence, considered as a whole, discloses unseaworthiness. In this connection we have taken note of the fact that there had been no problem in prior trips of the barge when it was properly loaded with tonnage in excess of the weight of the steel coils.
We find from the weight of the credible evidence that at the time the barge was delivered to Granite City Steel it was in a seaworthy condition and reasonably fit for the intended purpose of being loaded with steel coils. By employing improper loading procedures which concentrated the load in the center of the barge, Granite City Steel caused excessive stress, which could and did buckle the barge amidship. It was negligence on the part of Granite City Steel *570 to load the barge in this manner and it was this negligence which proximately caused the barge to buckle and sink. It follows from the foregoing that plaintiffs are not entitled to recover.
The facts, as we find them, also impel a finding for defendant on its counterclaim. By the delivery of the unmanned barge to Granite City Steel for loading, a bailment was created. Mid-America Transportation Co. v. St. Louis Barge Fleeting Service, Inc., 229 F.Supp. 409, 411 (D.C.Mo. 1964). Where, as here, the bailor-bailee relationship is for the mutual benefit of the parties, it is the obligation of the bailee to exercise ordinary care to protect the subject of the bailment. Marine Sales & Service Inc. v. Greer Steel Company, 312 F.Supp. 718, 722 (D.C.W.Va.1970).
In the circumstances here present, Granite City Steel failed to exercise due care in that it improperly concentrated the load in the center portion of the barge, thereby proximately causing the buckling and sinking. Cf. Marine Sales & Service, supra; The Scipio, 73 F.Supp. 402 (D.C.N.Y.1947); and Meckling Barge Lines v. Reynolds Metals Co., 1974 A.M.C. 975 (D.C.Tex.1974). As the direct result of the negligence of Granite City Steel, the barge was damaged to the extent it was not economically repairable and was a constructive total loss in the amount of $32,500. Defendant is entitled to judgment on its counterclaim in the amount of $32,500, together with interest thereon at 6 per cent per annum from February 27, 1973, the date of the casualty.
The foregoing memorandum constitutes our findings of fact and conclusions of law.